88-17/PJG
Peter J. Gutowski
J. Tanner Honea
Freehill Hogan & Mahar LLP
80 Pine St.
New York, NY  10005
Tel: (212) 425-1900
Fax: (212) 425-1901
*Attorneys for Petitioner Phoenix Bulk Carriers (BVI) LTD.*

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

PHOENIX BULK CARRIERS (BVI) LTD.,

          Petitioner,

   against

TRIORIENT LLC,

          Respondent.

Civil Action No. 20-cv-_____ (___)

**PETITION TO CONFIRM
ARBITRATION AWARD**

Petitioner Phoenix Bulk Carriers (BVI) LTD. ("Phoenix" or "Petitioner"), by and through its attorneys, Freehill Hogan & Mahar, LLP, for its Petition herein, states as follows:

## NATURE OF PROCEEDINGS

1.    Petitioner brings this summary proceeding pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-208, and the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 1-16, to confirm an arbitration award issued in New York City in Petitioner's favor against Respondent Triorient, LLC ("Triorient" or "Respondent").

## THE PARTIES

2.    At all times material hereto, Petitioner Phoenix was and still is a foreign business entity duly organized and existing under the laws of a foreign country with a business address in

care of its agent TMF (BVI) Ltd, Palm Grove House, PO Box 438, Road Town, Tortola, British Virgin Islands, and was the disponent owner of the ocean going vessel M/V PRETTY LADY.

3.     At all times material hereto, Respondent Triorient was and still is a foreign business entity duly organized and existing under the laws of the state of Connecticut with an office and place of business at 76 Tokeneke Rd, Darien, CT 06820 United States and was the charterer of the M/V PRETTY LADY.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this proceeding pursuant to 9 U.S.C. §§ 201 and 203 as it involves an action to enforce an arbitral award subject to the Convention and 28 U.S.C. §§ 1333 in that the underlying contract was for the charter of an ocean going vessel and hence this constitutes an admiralty and maritime claim.  In addition, this Court has diversity jurisdiction pursuant to 28 U.S.C. §1332 because there is complete diversity between the parties and more than $75,000, exclusive of interest and costs, is at stake in this controversy.

5.     Venue in this Court is proper pursuant to 9 U.S.C. §9 and/or §204 and 28 U.S.C. §1391(d).

6.     This Court has personal jurisdiction over Triorient as the agreed-upon arbitration clause designated New York as the place of arbitration and Triorient participated in the arbitration in New York City.

## BACKGROUND FACTS

7.     Pursuant to a contract of charter party dated November 11, 2016, Phoenix, as disponent owner of the M/V PRETTY LADY, let the vessel to Respondent Triorient, for a single voyage for the carriage of 34,000 M/T of "DRI A" (*i.e.* Direct Reduced Iron (A) Briquettes, Hot-

Molded) from 1 SB Palua, Venezuela, or 1 SB/SP Puerto Ordaz to 1 SB Diliskelesi, Turkey, a copy of which is annexed hereto as Ex. 1 and incorporated by reference herein (hereinafter the "Charter").

8.      Pursuant to the terms of the Charter, Petitioner Phoenix duly delivered the vessel at the designated location and within the designated laycan dates and tendered Notice of Readiness confirming the vessel's availability for loading of the cargo at the designated load port as of November 26, 2016.

9.      Contrary to Respondent Triorient's obligations under the Charter, Triorient failed to timely provide the agreed cargo of "DRI A" and the vessel remained idle from the tender of Notice of Readiness through early December 2016, awaiting Triorient's loading of the full cargo, at which Triorient confirmed that it had no cargo and Phoenix should seek alternative employment in mitigation.

10.     The failure by Triorient to tender and load the full cargo constituted a breach of the Charter.

11.     As a consequence of the foregoing, Petitioner Phoenix suffered damages including expenses and lost revenue due to Triorient's failure to perform the voyage.

12.     The Charter contained an arbitration clause whereby disputes arising out of or relating to the Charter were to be submitted to arbitration at New York.  (Ex. 1 Charter.)

13.     Following Triorient's breach of the contract, Petitioner commenced arbitration in accordance with the governing arbitration clause.

14.     A panel of three arbitrators was selected with Petitioner appointing one, Triorient appointing another, and the two so chosen selecting the third to serve as Chairman.

15.     The claim was then arbitrated with an exchange of submissions, documents, a hearing and final briefing.

16.     On September 27, 2019, the Panel unanimously issued its Award (the "Award") finding in favor of Petitioner against Respondent and awarding Petitioner the following:

| | | |
|---|---|---|
| (i) | Damages for detention of vessel | $139,221.60 |
| (ii) | Interest from 1/8/17 – 9/27/19 | $18,045.40 |
| (iii) | Additional damages/Lost Profits | $247,027.11 |
| (iv) | Interest from 2/6/17 – 9/27/19 | $31, 282.77 |
| (iii) | Attorneys' fees and costs | $74,603.84 |
| (iv) | Arbitrators' fees shortfall | <u>$12,925.00</u> |
| | **TOTAL AWARD** | **$523,105.72** |

(A true and correct copy of the Award is attached hereto as Exhibit 2.)

17.     Additionally, the Panel directed that if payment has not been made within 30 days after issuance of the Award, post-Award interest shall continue to accrue at the commercial prime rate posted by the Federal Reserve Bank until the Award has been paid or reduced to judgment, whichever occurs first.

18.     The arbitration clause provides that this Award may be made a rule of the Court.

19.     Despite due demand, Triorient has not paid the Award despite due demand.

## THE AWARD IS ENTITLED TO CONFIRMATION

20.     This Petition has been brought within the time period required by the Convention and FAA.

21.     There are no valid grounds to vacate, modify, or refuse to confirm the Award.

22.     There are no pending applications to vacate or modify the Award.

23.     Accordingly, the Award must be confirmed as a valid and enforceable final arbitration award pursuant to 9 U.S.C. §207 and 9 U.S.C. §9.

**WHEREFORE**, Petitioner respectfully prays that the Court enter an order, pursuant to 9 U.S.C. §207 and/or 9 U.S.C. §9, confirming the Award against Respondent Triorient and directing that judgment be entered thereon in this Court, together with interest, costs and attorneys' fees incurred in connection with this proceeding, and such other and further relief as the Court may deem just, proper, and equitable.

Freehill Hogan & Mahar, LLP
80 Pine St.
New York, NY  10005
Tel: (212) 425-1900
Fax: (212) 425-1901
*Attorneys for Petitioner*

/s/ Peter J. Gutowski
Peter J. Gutowski (gutowski@freehill.com)
J. Tanner Honea (honea@freehill.com)

TO:     Triorient, LLC
        c/o Lennon Murphy & Phillips, LLC
        GrayBar Building
        420 Lexington Ave.
        Suite 300
        New York, NY 10170

        Triorient, LLC
        76 Tokeneke Rd
        Darien, CT 06820