**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHOENIX BULK CARRIERS (BVI), LTD, | Civil Action No<br>1:20-CV-00936-JGK |
| Petitioner, | |
| v. | |
| | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO QUASH SUBPOENA** |
| TRIORIENT, LLC | |
| Respondent | |

## TABLE OF CONTENTS

I. Summary of the Argument ........................................................................................... 1

II. Procedural and Factual Background ........................................................................... 2

   A. The Arbitration ..................................................................................................... 2

III. Law and Argument ....................................................................................................... 3

   A. The Non-Parties Have Standing to Move to Quash the Subpoena ............................ 3

   B. The Motion to Quash is Timely ................................................................................ 4

   C. Phoenix cannot Satisfy its Burden to Obtain the Non-Parties' Personal Financial Information and the Subpoena Should be Quashed ................................................. 5

IV. Conclusion ..................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Allstate Ins. Co. v. Mirvis*, 2017 U.S. Dist. LEXIS 10707 (E.D.N.Y January 25, 2017) ........... 5, 6
*Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068 (S.D.N.Y January 24, 2007) ........................ 3
*Brown v. Hendler*, 2011 U.S. Dist. LEXIS 947 (S.D.N.Y. January 31, 2011) ............................... 4
*Costamar Shipping Co. v. Kim-Sail, Ltd.*, 1995 U.S. Dist. LEXIS 18430 (S.D.N.Y. December 12, 1995) ................................................................................................................................ 5, 6
*D'Avenza S.P.A. v. Garrick & Co.*, 1998 U.S. Dist. LEXIS 243 (S.D.N.Y. January 14, 1998) . 5, 7
*EM Ltd. v. Republic of Argentina,* 695 F.3d 201 (2d Cir. 2012) ...................................................... 5
*Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607 (S.D.N.Y. September 6, 2006) .......... 4
*GMA Accessories v. Elec. Wonderland, Inc.*, 2012 U.S. Dist. LEXIS 72897 (S.D.N.Y May 22, 2012) ................................................................................................................................. 5, 6, 7
*Iantosca v. Benistar Admin Servs., Inc.*, 2011 U.S. Dist. LEXIS 81389 (S.D. Ind. 2011) ............. 4
*Integrated Control Sys. v. Ellcon-National, Inc.*, 2003 U.S. Dist. LEXIS 25340 (D. Conn. January 21, 2003) ........................................................................................................................ 7
*Kingsway Fin. Servs. v. Pricewaterhouse-Coopers, LLP*, 2008 U.S. Dist. LEXIS 77018 (S.D.N.Y October 2, 2008) ........................................................................................................................ 6
*Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559 (S.D.N.Y 1977) .................................. 7
*Paslar v. Stamford Hosp.*, 2017 U.S. Dist. LEXIS 111864 (D. Conn. July 19, 2017) ................... 4
*Refco Grp. Ltd. v. Cantor Fitzgerald, LP*, 2014 U.S. Dist. LEXIS 155009 (S.D.N.Y October 24, 2014) .......................................................................................................................................... 4
*Solow v. Conseco, Inc.*, 2008 U.S. Dist. LEXIS 4277 (S.D.N.Y January 18, 2008) ...................... 3
*Uniden Corp.* ..................................................................................................................................... 7
*Uniden Corp. v. Duce Trading Co.*, 1993 U.S. Dist. LEXIS 10441 (W.D.N.Y. July 19, 1993) 6, 8

**Rules**

Fed. R. Civ. P. 69(a) ..................................................................................................................... 5, 6
Fed. R. Civ. Pro. 45(b)(3)(A) ............................................................................................................. 4
NY CLS CPLR § 5223 ...................................................................................................................... 5

Pursuant to Local Rule 7.1(a)(2), non-parties Albert Winslow ("Mr. Winslow"), Juan Facundo Santucci ("Mr. Santucci"), Darien Land Management, LLC ("DLM"), and Triorient Coal, LLC ("Triorient Coal") (collectively, the "Non-Parties") respectfully submit their Memorandum of Law in Support of their Motion to Quash the Subpoena (the "Subpoena") served on Citibank, N.A. ("Citi") by Phoenix Bulk Carriers (BVI), Ltd. ("Phoenix").

## I.  Summary of the Argument

Phoenix obtained a judgment against respondent Triorient, LLC ("Triorient") following this Court's confirmation of an arbitration award entered in Phoenix's favor against Triorient. Phoenix has recently embarked on incredibly broad and improper post-judgment discovery, seeking financial records of the Non-Parties, none of whom are liable to Phoenix, from multiple financial institutions and, incredibly, from country clubs of which Messrs. Winslow and Santucci are members. The country club subpoenas, which contain later return dates than the Subpoena, will be the subject of subsequent motions to quash.

The Subpoena sought to be quashed via this motion was issued to Citi and seeks numerous documents related to the Non-Parties relationship with Citi, including account statements and check images. Phoenix has no right to obtain the personal financial information of the Non-Parties. Phoenix cannot establish, as it must to obtain the Non-Parties personal financial information it seeks, that any of the Non-Parties are hiding Triorient's assets, that there have been any improper transfers from Triorient to any of the Non-Parties, or that any of the Non-Parties are the alter ego of Triorient. Indeed, Phoenix is engaged in blatant, wholly improper and abusive fishing expedition that cannot be justified and should not be countenanced. Thus, the Subpoena should be quashed.

## II. Procedural and Factual Background

### A. The Arbitration

In the fall of 2017 Phoenix commenced an arbitration against Triorient alleging that it breached a contract (the "Charter Party Agreement") between the parties. Triorient was the only named respondent to the arbitration; Phoenix has never alleged that any of the Non-Parties was a party to the Charter Party Agreement and has never asserted a claim against any of them arising out of or related to the Charter Party Agreement.

The arbitration panel issued an award in Phoenix's favor on September 27, 2019. Phoenix filed its Petition to Confirm Arbitration Award with this Court on February 4, 2020. (*See* Docket Index ("D.I.") 1). This Court granted the Petition to Confirm and judgment entered in favor of Phoenix against Triorient on June 28, 2020. (D.I.14). Phoenix has not sought any relief against the Non-Parties in this or any other court.

### B. The Subpoena

Phoenix issued the Subpoena to Citi on November 13, 2020, broadly requesting the production of bank records pertaining to both Triorient[1] and the Non-Parties. (*See* Subpoena, Exhibit A to the Accompanying Affirmation of James M. Moriarty, Esq.). Through the Subpoena Phoenix demands that Citi produce "for any account maintained" by the Non-Parties: "(i) all monthly account statements; (ii) images of all checks (back and front) debited against or credited to the account; (iii) all documents and/or correspondence (including but not limited to emails) related to the opening of the account; (iv) all documents and/or correspondence related to deposits

---

[1] The Non-Parties do not move to quash the Subpoena's document requests seeking documents related to Triorient, *i.e.*, requests 1, 3, 4 and 5 in Addendum A to the Subpoena.

of funds into or withdrawal of funds from the account; (v) all documents relating to wire transfers into or from the account; and (vi) all communications, including emails, regarding the account." (*See Id.* at requests 7-11). The Subpoena also seeks through request numbered 2 the same six categories of documents identified above for a specifically enumerated account number. Request numbered 2 does not identify the owner of the enumerated account, which is DLM, not Triorient. Lastly, the Subpoena seeks through request numbered 6 "all correspondence (including but not limited to emails) with Triorient, LLC and/or its principals Albert Winslow and/or Juan Facundo Santucci." (*See Id.* at request 6). Request numbered 6 is not limited to correspondence concerning Triorient's accounts and banking relationships and would thus include correspondence related to the personal banking relationships of Messrs. Winslow and Santucci.

### III.     Law and Argument

#### A. The Non-Parties Have Standing to Move to Quash the Subpoena

The Non-Parties have standing to move to quash the Subpoena. As to Messrs. Winslow and Santucci, "courts have found that individuals, whose banking records are subpoenaed, have a privacy interest in their personal financial affairs that gives them standing to move to quash a subpoena served on a non-party financial institution." *Arias-Zeballos v. Tan*, 2007 U.S. Dist. LEXIS 5068, *3 (S.D.N.Y January 24, 2007) (collecting cases). Furthermore, "[t]he Advisory Committee Notes to the 1991 amendments of Rule 45 observe that '[c]lause c(3)(B)(I) authorizes the court to quash, modify, or condition a subpoena to protect the person subject to *or affected by the subpoena* from unnecessary or unduly harmful disclosures of confidential information.'" *Solow v. Conseco, Inc.*, 2008 U.S. Dist. LEXIS 4277, *8 (S.D.N.Y January 18, 2008) (Emphasis in original). As described above, the Subpoena commands Citi to produce the personal and private

3

financial records of Messrs. Winslow and Santucci. Thus, Messrs. Winslow and Santucci have standing to move to quash the Subpoena.

Standing to move to quash a subpoena seeking financial information is not limited to real persons. Courts have held that business entities, too, have a privacy interest in their financial information. *See Refco Grp. Ltd. v. Cantor Fitzgerald, LP*, 2014 U.S. Dist. LEXIS 155009, *17-18 (S.D.N.Y October 24, 2014) (finding that movants, including a non-party business entity, had standing to challenge a subpoena served on a non-party accounting firm); *see also Iantosca v. Benistar Admin Servs., Inc.*, 2011 U.S. Dist. LEXIS 81389, *6-8 (S.D. Ind. 2011) (rejecting the non-moving party's argument that "only individuals, and not business entities, can have interest in their financial records maintained by banks, and thus only individuals have standing to quash a subpoena seeking bank records."). The Subpoena demands that Citi produce private financial information of DLM and Triorient Coal, and they thus both have standing to move to quash the Subpoena.

**B. The Motion to Quash is Timely**

Fed. R. Civ. Pro. 45(b)(3)(A) states, "On timely motion, the court for the district where compliance is required must quash or modify a subpoena…." Fed. R. Civ. P. 45(d)(3)(A). Although the word "timely" is not defined by Rule 45, "[i]t is well settled that, to be timely, a motion to quash a subpoena must be made prior to the return date of the subpoena." *Paslar v. Stamford Hosp.*, 2017 U.S. Dist. LEXIS 111864, *5 (D. Conn. July 19, 2017) *citing Estate of Ungar v. Palestinian Auth.*, 451 F. Supp. 2d 607, 610 (S.D.N.Y. September 6, 2006); *see also Brown v. Hendler*, 2011 U.S. Dist. LEXIS 947, *3 (S.D.N.Y. January 31, 2011) ("In order to be timely, a motion to quash a subpoena generally must be filed before the return date of the

4

subpoena."). The Non-Parties' Motion to Quash is filed prior to the Subpoena's December 1, 2020, return date and is therefore timely.

    **C. Phoenix cannot Satisfy its Burden to Obtain the Non-Parties' Personal Financial Information and the Subpoena Should be Quashed**

Post-judgment discovery is governed by Fed. R. Civ. P. 69. *D'Avenza S.P.A. v. Garrick & Co.*, 1998 U.S. Dist. LEXIS 243, *4 (S.D.N.Y. January 14, 1998). "That Rule provides that 'in aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.'" *Id.* at *5 *quoting* Fed. R. Civ. P. 69(a). The applicable New York rule is "Article 52 of the New York Civil Practice Law and Rules ('CPLR')." *Id*. CPLR § 5223 states: "At any time before a judgment is satisfied or vacated, the judgment creditor may compel disclosure of all matter *relevant* to the satisfaction of the judgment, by serving upon any person a subpoena…." NY CLS CPLR § 5223. (Emphasis added).

While both federal and New York procedure offer plaintiffs broad authority, those seeking post-judgment discovery may not go on fishing expeditions. *See D'Avenza*, 1998 U.S. Dist. LEXIS 243, at *8-9. Instead, "post-judgment discovery must be 'calculated to assist in collecting on a judgment.'" *Allstate Ins. Co. v. Mirvis*, 2017 U.S. Dist. LEXIS 10707, *3 (E.D.N.Y January 25, 2017) *quoting EM Ltd. v. Republic of Argentina,* 695 F.3d 201, 207 (2d Cir. 2012). With regard to discovery against non-parties, it must be "limited to a search for the [judgment debtor's] hidden assets." *GMA Accessories v. Elec. Wonderland, Inc*., 2012 U.S. Dist. LEXIS 72897, *14 (S.D.N.Y May 22, 2012) *quoting Costamar Shipping Co. v. Kim-Sail, Ltd.*, 1995 U.S. Dist. LEXIS 18430, *8 (S.D.N.Y. December 12, 1995). This means that a plaintiff must make "a somewhat heightened showing of necess[ity] and relevance – *i.e.*, at least some demonstration of concealed or fraudulent transfers or alterego relationship" between the judgment debtor and the non-party. *Uniden Corp.*

5

*v. Duce Trading Co.*, 1993 U.S. Dist. LEXIS 10441, *2 (W.D.N.Y. July 19, 1993). "[D]iscovery is permitted when the non-party and the judgment debtor have a relationship 'sufficient to raise a reasonable doubt about the bona fides of the transfer of assets between them.'" *Allstate Ins. Co.*, 2017 U.S. Dist. LEXIS at *3 *quoting Costamar*, 1995 U.S. Dist. LEXIS 18430, at *3.

Absent a showing of necessity and relevance by a plaintiff, including a showing of hidden assets, fraudulent transfers, or a relationship between the judgment debtor and non-parties that gives rise to reasonable doubt as to the purpose or legitimacy of transfers between them, the financial information of non-parties is not generally discoverable. *See GMA Accessories*, 2012 U.S. Dist. LEXIS 72897, at *14 (S.D.N.Y 2012) (noting that "disclosure concerning the assets of a non-party is generally not contemplated by Rule 69(a)" and that a plaintiff must make a showing sufficient to give rise to reasonable doubt to obtain such a disclosure).

The non-party affected by the subpoena, on the other hand, only bears the burden to show that the subpoena is impermissible and that burden does not even arise until ". . . the party issuing the subpoena has demonstrated the relevance of the requested documents." *GMA Accessories*, 2012 U.S. Dist. LEXIS 72897, at *16-17 *citing Kingsway Fin. Servs. v. Pricewaterhouse-Coopers, LLP*, 2008 U.S. Dist. LEXIS 77018, *14 (S.D.N.Y October 2, 2008).

In this case Phoenix cannot satisfy its burden to obtain the documents it seeks in requests 2 and 6 through 11of the Subpoena. Indeed, Phoenix can offer no evidence that: i) Triorient has hidden assets, *GMA Accessories*, 2012 U.S. Dist. LEXIS 72897, at *14; ii) there were fraudulent transfers between Triorient and any of the Non-Parties, *Uniden Corp.*, 1993 U.S. Dist. LEXIS 10441, at *2, or that the relationship between Triorient and the Non-Parties gives rise to a reasonable doubt as to the purpose or legitimacy of transfers between them, *Allstate Ins. Co.*, 2017 U.S. Dist. LEXIS at *3; *see also GMA Accessories*, 2012 U.S. Dist. LEXIS 72897, at *14 *citing*

*Magnaleasing, Inc. v. Staten Island Mall*, 76 F.R.D. 559, 561-62 (S.D.N.Y 1977), assuming that any transfers even occurred.

Likewise, Phoenix cannot show that it *needs* the Non-Parties' personal and private financial records or communications with Citi in order to enforce its judgment. *See Uniden Corp.,* 1993 U.S. Dist. LEXIS 10441, at *2. Indeed, the Subpoena seeks records of Triorient and the Non-Parties. Phoenix could not know that it "*needs*" the Non-Parties financial records before it has taken any discovery from Triorient, including obtaining and reviewing Triorient's bank records. *See Integrated Control Sys. v. Ellcon-National, Inc.*, 2003 U.S. Dist. LEXIS 25340 *4-5 (D. Conn. January 21, 2003) (holding that the court "require[s] that [judgment creditor] first exhaust discovery available from [judgment debtor] prior to attempting to proceed to discovery from alleged third parties.").

Phoenix has demanded, without regard to temporal scope or subject matter, the production of essentially *all* of the Non-Parties financial records in Citi's possession without a showing that any of the documents demanded are relevant to enforcement of the judgment against Triorient.[2] *See id*. Indeed, Phoenix seeks unfettered access to the Non-Parties' private financial records hoping to find something useful. That is the very definition of a "fishing expedition," which courts have repeatedly made clear is impermissible in post-judgment discovery. *See D'Avenza*, 1998 U.S. Dist. LEXIS 243, at *8-9; *see also GMA Accessories*, 2012 U.S. Dist. LEXIS 72897, at *18-19.

---

[2] Subpoena requests numbered 1-4 include a temporal scope of January 2019 to the present. Requests numbered 7-11 "repeat[] the items requested above in paragraph I (i-vi) above for any account maintained by [the Non-Parties]", without expressly incorporating the temporal scope of request numbered 1.

Phoenix is burdened with a "heightened showing of necess[ity] and relevance," *Uniden Corp.,* 1993 U.S. Dist. LEXIS 10441, at *2, and must make that showing before it can require Citi to produce the private Non-Parties' private, personal financial information. Phoenix cannot satisfy its burden, and the Subpoena should be quashed as to the Non-Parties.

**IV.     Conclusion**

For all of the foregoing reasons, this Court should quash the Subpoena as to the requests seeking the Non-Parties' financial information and records and grant such further relief as the Court deems just and proper.

>
> ALBERT WINSLOW
> JUAN FACUNDO SANTUCCI,
> DARIEN LAND MANAGEMENT, LLC
> TRIORIENT COAL, LLC
>
> By: */s/ James M. Moriarty*
>      James M. Moriarty (JM6959)
>      Zeisler & Zeisler, P.C.
>      10 Middle Street, 15th Floor
>      Bridgeport, CT  06604
>      Telephone: 203-368-4234
>      Facsimile: 203-549-0903
>      Email: jmoriarty@zeislaw.com
>      *Attorneys for Non-Party Movants*

## **CERTIFICATION**

Pursuant to this section II(D) of this Court Individual Practice Rules, I hereby certify that the foregoing complies with all formatting rules and contains 2,269 words.

>
> By: */s/ James M. Moriarty*
>      James M. Moriarty